**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VERONICA WARNER CALLOWAY, as the Personal Representative of the Estate of Cari Jamel Warner, Sr., Deceased,<br><br>          Plaintiff,<br><br>v.<br><br>THE COMANCHE COUNTY FACILITIES AUTHORITY, et al.,<br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. CIV-25-858-PRW |

## <u>ORDER</u>

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation (Dkt. 33), which recommends that the Court grant in part and deny in part Defendant U.S. Renal Care's Motion to Dismiss (Dkt. 12). Plaintiff Veronica Warner Calloway timely objected (Dkt. 36).[1] Defendant USRC did not object. For the reasons given below, the Court **ADOPTS** Judge Mitchell's Report and Recommendation (Dkt. 33).

### *Background*

Plaintiff, the mother of a former pretrial detainee at the Comanche County Detention Center ("CCDC"), brings this action on behalf of her son under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment and under Oklahoma law for medical negligence

---

[1] The Objection (Dkt. 36) also includes Plaintiff's objections to Judge Mitchell's second Report and Recommendation (Dkt. 34). This Order only addresses Plaintiff's objections to the first Report and Recommendation (Dkt. 33). The Court will consider Plaintiff's arguments regarding the second Report and Recommendation in a separate order.

against U.S. Renal Care ("USRC"). Plaintiff's son, Cari Jamel Warner, Sr., died while in CCDC's custody after USRC allegedly refused to provide treatment for his acute renal failure. On August 27, 2025, USRC moved to dismiss, arguing that (1) Plaintiff failed to plausibly allege that USRC acted under color of state law for purposes of § 1983, and (2) USRC is immune from liability on the medical negligence claim under the Oklahoma Governmental Tort Claims Act. Judge Mitchell recommends granting the motion as to the § 1983 claim but denying it as to the medical negligence claim. Plaintiff objects only to the recommendation that the motion be granted in part.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[2] An objection is "proper" if it is both timely and specific.[3] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[4] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[5] In the absence of a proper

---

[2] Fed. R. Civ. P. 72(b)(3).

[3] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[4] *Id.* (citation and internal quotation marks omitted).

[5] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[6]

## *Discussion*

Plaintiff's Objection restates the argument made in her Response to the Motion to Dismiss. Plaintiff argues that (1) her § 1983 claim satisfies all four grounds the Tenth Circuit uses to assess the state-action requirement and (2) USRC cannot deny that it is a state actor for § 1983 purposes while simultaneously claiming protection under the Oklahoma Governmental Tort Claims Act. But Plaintiff offers no new justification for those two positions beyond reasserting, nearly verbatim, the reasons raised in her Response.[7] Plaintiff therefore fails to specifically identify any legal or factual errors committed by Judge Mitchell in the Report and Recommendation.[8] Thus, reviewing the Report and Recommendation for clear error, the Court agrees with Judge Mitchell that Plaintiff has not adequately alleged that USRC's conduct of declining Mr. Warner's referral is fairly attributable to the state.[9] Plaintiff's allegation that USRC's "role in the

---

[6] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[7] *Compare* Resp. (Dkt. 15), at 10–14, *with* Obj. (Dkt. 36), at 2–6.

[8] *Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) (finding that objections were nonspecific where they "did not specifically address any of the magistrate judge's conclusions" but instead "merely reargued, in the most general fashion, the merits of his claims" (citing *One Parcel of Real Prop.*, 73 F.3d at 1060)). Regardless, whether reviewing for clear error or conducting de novo review, the Court would reach the same conclusions as contained in the Report and Recommendation.

[9] *Barnett v. Hall, Estill, Hardwick, Gable Golden & Nelson, P.C.*, 956 F.3d 1228, 1235 (10th Cir. 2020) ("At the heart of each test is 'whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" (quoting *Wasatch Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 387 (10th Cir. 2016))).

medical care and transition of medical care" renders it a state actor is insufficient to plead state action. As mentioned by Judge Mitchell, Plaintiff does not allege that USRC is a state or county facility, that state or county officials controlled USRC's medical decisions, or that USRC personnel interacted with CCDC personnel before or after Mr. Warner was detained.[10] Without more, the Court finds that Plaintiff has not satisfied any of the Tenth Circuit's grounds for establishing state action, including the public function test, the nexus test, the symbiotic relationship test, and the joint action test.[11]

The Court reviews the unobjected-to portions of the Report and Recommendation to confirm that there is also no clear error on the face of the record.[12] Finding none, the Court concurs with Judge Mitchell's well-reasoned conclusions and analysis.

### *Conclusion*

Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 33) and **GRANTS IN PART** and **DENIES IN PART** USRC's Motion to Dismiss (Dkt. 12).

**IT IS SO ORDERED** this 31st day of March 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[10] R&R (Dkt. 33), at 7–8; Compl. (Dkt 1).

[11] *See Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (citing *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1992)).

[12] *Summers*, 927 F.2d at 1167–68.